**Offit | Kurman**
Attorneys At Law

Trust. Knowledge. Confidence.

**Mark A. Weissman**
**(929) 476-0072**
mark.weissman@offitkurman.com

August 4, 2025

<u>Via ECF</u>
Hon. Carol Bagley Amon,
United States District Judge
United States District Court
Eastern District of New York
255 Cadman Plaza East
Brooklyn, New York 11201

Re:   ***Burns et al. v. Nextra USA Corporation et al.***
       **Civil Action No. 1:25-cv-02688-CBA-MMH**

Dear Judge Amon:

We represent defendant Nextra USA Corporation ("Nextra USA"), and individual defendants Massimo Cerrelli, Valentina Rosticci and Alessio Di Giuseppe (collectively, the "Individual Defendants") in the above-referenced action. Pursuant to Rule 3A of Your Honor's Individual Motion Practices and Rules, we write respectfully on behalf of the defendants to seek a pre-motion conference in anticipation of a motion to dismiss the complaint as against (a) the Individual Defendants for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and (b) as against all defendants for lack of Article III standing pursuant to FRCP Rule 12(b)(1), and for failure to state a cause of action pursuant to FRCP Rule 12(b)(6) and Rule 8. The specific grounds for the anticipated motion are set forth further below.

This is an action under the Fair Labor Standards Act and New York Labor Law related to a restaurant located in Brooklyn, New York called "Bacàn," which is owned, and was operated by, Nextra USA. The Individual Defendants are all Italian citizens, who reside and work in Italy.

Plaintiffs Morgan Burns and Ismael Dominguez, who bring their claims as a putative collective action, allege that they were employed at the restaurant respectively, from April 2024 to March 2025, and December 2024 through May 13, 2025, the date of the complaint.

The Complaint should respectfully be dismissed for the following reasons.

First, as against the Individual Defendants, the Complaint should be dismissed because it fails to plead any basis for personal jurisdiction over them, and the grounds for personal jurisdiction in this action are otherwise lacking as to the Individual Defendants.

Plaintiffs' allegations are manifestly insufficient to support the exercise of personal jurisdiction because they are generic, conclusory, and rely upon impermissible "group pleading." The Complaint improperly lumps together each of the Individual Defendants along with Nextra USA under the title "Defendants" and then asserts conclusory allegations against all "Defendants" collectively throughout the Complaint. The Complaint makes scant efforts to differentiate among the Individual Defendants or to plead facts that show what contacts, acts or omissions, if any, are claimed to be attributable to each defendant. Instead, the Complaint repeats the same generic and conclusory allegations as to each of the Individual Defendants. (*See* Complaint ¶¶ 33-37, 42-46, 51-55). This type of "group pleading" is insufficient to plead a basis for personal jurisdiction and does not permit the Court to assess, as it must, the contacts of "each defendant" individually. *Lau v. ZTE Corp.*, No. 22-CV-1855 (CBA), 2023 WL 9066883, at *3 (E.D.N.Y. Sept. 28, 2023) (Amon, J.); *see also Tera Grp., Inc. v. Citigroup, Inc.*, No. 17-CV-4302 (RJS), 2018 WL 4732426, at *2 (S.D.N.Y. Sept. 28, 2018) ("This group pleading – conflating UBS AG and UBS Securities LLC as 'UBS' –fails to establish personal jurisdiction over "each defendant"). For this reason alone, the Complaint should be dismissed as against the Individual Defendants for lack of personal jurisdiction.

The Complaint should be dismissed as against the Individual Defendants for the further reason that each of the Individual Defendants, in fact, lacks sufficient contacts with New York to support the exercise of personal jurisdiction here. Mr. Cerelli, for example, is not an officer or manager of Nextra. He is a passive owner of the parent corporation of Nextra, and had no substantial involvement in the management or operations of the restaurant. He had virtually no contact with employees of the restaurant in New York, other than an occasional text message. Mr. Di Giuseppe, too, holds no title at Nextra. He was, and currently is, an independent systems consultant, who had no decision-making authority with respect to the management or operations of the restaurant. With respect to Ms. Rosticci, she only held the title of Nextra's "CEO" beginning on December 1, 2024. Prior to that date, Ms. Rosticci was also an independent consultant without management responsibilities over the restaurant. To this day, Ms. Rosticci has never been to the restaurant. Indeed, until March 2025, all restaurant operations, including decisions as to payroll and work scheduling were managed by local restaurant managers on site in Brooklyn, and not by Ms. Rosticci or any of the Individual Defendants.

Accordingly, Plaintiffs will not be able to show, as they must to establish personal jurisdiction consistent with due process, that the Individual Defendants had meaningful contacts with New York, and that such contacts, if any, related to Plaintiff's claims. Moreover, given, among other things, the significant burdens that the exercise of personal jurisdiction will impose on Mr. Cerelli, Mr. Di Giuseppe and Ms. Rosticci who are Italian citizens residing in Italy, with no personal presence in New York or even the United States, no bank accounts in the United States, and no real estate or other property in New York, the exercise of personal jurisdiction here would not "comport with fair play and substantial justice." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013).

Because the Court lacks personal jurisdiction over the Individual Defendants, the Complaint should be dismissed as against them.

Alternatively, the Complaint should be dismissed as against the Individual Defendants pursuant to Rule 12(b)(6) and Rule 8, because as noted above, the Complaint's allegations are generic and conclusory, Plaintiffs engage in pervasive "group pleading" which is impermissible under Rule 8's pleading standards, *see S.G. v. Bank of China U.S.A.*, No. 24-1426, 2024 WL 4891390, at *1 (2d Cir. Nov. 26, 2024), and Plaintiffs fail to plausibly allege that the Individual Defendants were Plaintiffs' employer. The Complaint is devoid of any non-conclusory allegations suggesting that any of the Individual Defendants exercised any degree of control over the restaurant, or that they otherwise had any direct relationship of control over Plaintiffs' terms and conditions of employment. The Complaint should therefore be dismissed as against the Individual Defendants for this alternate and additional reason. *See Apolinar v. R.J. 49 REST., LLC*, No. 15-CV-8655 (KBF), 2016 WL 2903278, at *5 (S.D.N.Y. May 18, 2016) (dismissing FSLA claim where allegations against individual defendant were conclusory, "using identical language that plaintiffs use with respect to the other individual defendants," and were insufficient to plausibly show that defendant was plaintiffs' employer for purposes of the FLSA.)

As to all defendants, Plaintiffs' claims under NY Labor Law for alleged notice violations (Counts 8 & 9) should be dismissed for lack of subject matter jurisdiction because Plaintiffs' threadbare and conclusory allegations of harm do not satisfy the requirements for Article III standing. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 310 (2d Cir. 2024) (dismissing wage-notice claim where plaintiff had not plausibly alleged that defendant's failure to provide the wage notices and statements caused him to suffer concrete injury).

Lastly, Plaintiffs' claim under NY Labor Law for alleged late-payment of wages (Count 7) should be dismissed for failure to state a claim since Plaintiffs have failed to plead facts showing their entitlement to liquidated damages under the applicable statutory provision, NY Labor Law 198(1-a) which was recently amended to limit such remedies.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Mark A. Weissman
Mark A. Weissman

4898-6885-8713, v. 3