NEW YORK CALIFORNIA DELAWARE GEORGIA PENNSYLVANIA

August 11, 2025

**VIA ECF**
Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Burns, et al. v. Nextra USA Corporation, et al.*, No. 25-cv-02688 (CBA)(MMH)

Your Honor:

We represent Plaintiffs and write in response to the letter dated April 16, 2025 from Defendants Nextra USA Corporation d/b/a Bacàn ("Bacàn"), and individual defendants Massimo Cerrelli, Valentina Rosticci and Alessio Di Giuseppe ("Individual Defendants" and, together "Defendants") requesting a pre-motion conference concerning their anticipated partial motion to dismiss the complaint. *See* ECF No. 14. Defendants' letter argues that: (a) this Court lacks personal jurisdiction over the Individual Defendants; (b) the complaint engages in impermissible group pleading; (c) the complaint does not adequately allege Individual Defendants were Plaintiffs' employers; (d) this Court does not have subject matter jurisdiction over Plaintiffs' NYLL § 195 claims; and (e) Plaintiffs' NYLL § 191 claims should be dismissed because the New York legislature has modified the measure of damages applicable to Section 191 claims.[1] As set forth below, Defendants' proposed motion is futile and their request for a pre-motion conference should be denied. In the event Defendants are permitted to file their motion, discovery should not be held in abeyance while their partial motion to dismiss is decided.

## I. Personal Jurisdiction Exists as to Individual Defendants

In a federal question case, "personal jurisdiction in federal court is determined by the laws of the forum state." *Machkour v. Espices W. 70th Corp.*, No. 11-CV-688 (JPO), 2011 WL 6288006, at *3 (S.D.N.Y. Dec. 14, 2011) (citing *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997)). New York's long-arm statute, C.P.L.R § 302(a), allows a court to exercise specific personal jurisdiction over a non-domiciliary if that party "'transacts any business within the state' and if the claim arises from these business contacts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (quoting N.Y.C.P.L.R. § 302(a)).

Plaintiffs allege that Defendants, including Individual Defendants, maintain control, oversight, and discretion over the operation of their New York restaurant Bacàn, including its employment practices with respect to Plaintiffs. ECF No. 1 Complaint ("Compl.") ¶¶ 30-37, 39-46, 48-55.[2] Plaintiffs allege that Valentina Rosticci is the Chief Executive Officer of Bacàn (*id.* ¶ 41)—a New York corporation, (*id.* ¶ 20)—that Massimo Cerrelli was and is one of the principal officers and one of the ten largest shareholders of Bacàn, (*id.* ¶ 32), and that Alessio Di Giuseppe is a principal officer of Bacàn. In those capacities, the Individual Defendants oversaw the day-to-

[1] Notably, Defendants' letter does not appear to raise any meaningful argument that any claims against Defendant Bacàn aside from those under NYLL Sections 191 and 195 can be dismissed at this time.

[2] Notably, as the Court will be permitted to consider matters outside the pleadings on a 12(b)(2) motion, Plaintiffs will be able to present additional evidence that Individual Defendants exercised control over Plaintiffs and similarly situated employees remotely via text and WhatsApp messages.

685 THIRD AVENUE NEW YORK, NY 10017 PHONE: 212.983.9330 FAX: 212.983.9331 EMPLOYEERIGHTSCOUNSEL.COM FARUQILAW.COM

day operations of Bacàn, made supervisory and managerial decisions for the corporation, and had the power to hire and fire employees, including Plaintiffs, in New York. *See id*. ¶¶ 30-37, 39-46, 48-55. Accordingly, Plaintiffs have sufficiently alleged that the Individual Defendants transacted business in New York, and that their claims against the Individual Defendants arise, at least in part, out of their business in New York (e.g., their control over employment practices with respect to Plaintiffs, including the firing and hiring of employees). *See Machkour,* 2011 WL 6288006, at *3-4 (holding that plaintiffs established a *prima facie* showing of jurisdiction where they alleged an employment relationship between a foreign defendant and the plaintiffs); *Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 156 (E.D.N.Y. 2014) (finding that individual defendants were subject to specific personal jurisdiction based on actions taken in their corporate capacities).

## II. The Complaint Does Not Engage in Impermissible "Group Pleading"

"Dismissal under Rule 8(a) 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*, No. 14-cv-09687 (VEC), 2016 WL 4916969, at *5 (S.D.N.Y. Feb. 11, 2016) (quoting *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004)). Here, the Plaintiffs plainly specify that they bring their thirteen claims against each Defendant in their capacity as joint employers of Plaintiffs. "[N]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Vantone Grp. LLC v. Yangpu NGT Indus. Co., Ltd.*, No. 13-cv-07639 (LTS), 2015 WL 4040882, at *3 (S.D.N.Y. July 2, 2015). While "this technique muddles the clarity of the allegations," the Complaint does "not rise to the level of a Rule 8 violation" because it "gives the defendants notice of the claims asserted against them." *Id.*, at *4. As one court noted in denying dismissal on "group pleading" grounds in an FLSA case, "asserting claims against a group of defendants is appropriate if those defendants allegedly acted in concert to violate a Plaintiff's rights." *McArdle-Bracelin v. Cong. Hotel, LLC*, No. 1:20-CV-861 (TJM/TWD), 2022 WL 486805, at *7 (N.D.N.Y. Feb. 17, 2022). "A complaint that pleads enough facts to make claims of such wrongdoing plausible need not then describe each defendant's particular role in detail in order to avoid dismissal on 'group pleading grounds.'" *Id*.

## III. Complaint Adequately Alleges Individual Defendants Were Plaintiffs' Employers

For purposes of the FLSA and NYLL, "[a]n individual may simultaneously have multiple 'employers' . . . in which case, 'all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA and NYLL].'" *Martin v. Sprint United Mgmt. Co.*, 273 F. Supp. 3d 404, 421 (S.D.N.Y. 2017) (quoting 29 C.F.R. § 791.2(a)). Because joint employers are subject to joint and several liability under the FLSA and NYLL, once plaintiffs show that the defendants qualify as employers, plaintiffs need only establish the existence of FLSA or NYLL violations to subject all employer defendants to liability. *See*, *e.g.*, *Fermin v. Las Delicias Peruanas Rest.*, *Inc.*, 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015) ("As the Court has found that Las Delicias and the Individual Defendants were jointly Plaintiffs' employers, each Defendant is jointly and severally liable under the FLSA and the NYLL for any damages award made in Plaintiffs' favor."). Here, Plaintiffs make specific allegations as to Individual Defendants' roles in maintaining control, oversight, and discretion over the operation of their New York restaurant Bacàn, including its employment practices with respect to Plaintiffs. Compl. ¶¶ 30-37, 39-46, 48-55. This is adequate to survive a motion to dismiss. *Michalek v. Amplify Sports and Ent.*

*LLC*, No. 11 Civ. 508(PGG), 2012 WL 2357414, at *3 (S.D.N.Y. June 20, 2012) (allegations that an alleged employer "'was the President and Chairman,' 'had the authority to hire and fire employees,' 'had the authority to supervise employees,' 'controlled employees' schedules,' and 'determined the rate and method of payment for employees'" were sufficient to join a defendant in an FLSA action); *Severin v. Project OHR, Inc.*, No. 10 Civ. 9696(DLC), 2011 WL 3902994, at *6 (S.D.N.Y. Sept. 2, 2011) (allegations that an alleged employer "controlled personnel decisions, and had the power to hire and fire, set wages, and otherwise control the terms and conditions of the plaintiffs' employment" were sufficient to survive a motion to dismiss).

**IV. <u>Plaintiffs' Complaint Properly Alleges Claims Pursuant to NYLL § 195</u>**

Defendants also assert that Plaintiffs have failed to allege harm sufficient to satisfy Article III standing. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024). But Plaintiffs have alleged specifically that Plaintiffs have been prevented from: (i) realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves by taking appropriate action to obtain the payments due to them. Compl. ¶ 256. Cases cited favorably in *Guthrie*, as well as post-*Guthrie* cases in this Circuit, have found this kind of concrete injury sufficient to satisfy Article III's injury-in-fact requirement. Indeed, in the wake of *Guthrie*, "courts in this Circuit 'are in agreement that a plaintiff has standing if he or she plausibly alleges that, by failing to provide the required wage statements, the employer was "able to hide its violations of wage and hour laws" and thus prevent the employee from "determining and seeking payment for the precise amount of his unpaid wages." *Cortez v. Brand Name 99 Cents & Up Corp.*, No. 24-cv-05262 (LJL), 2025 WL 1251297, at *6 (S.D.N.Y. Apr. 30, 2025); *see also Charles v. Pinnacle Too, LLC*, No. 22-cv-04232 (DEH) (JW), 2024 WL 4491560, at *16 (S.D.N.Y. Oct. 15, 2024) (finding standing where the failure to provide wage statements caused "the inability to decipher the extent of amounts owed and, thus, the inability to proceed to recover those amounts owed" and concluding that this was "exactly the type of concrete harm *Guthrie* recognized was sufficient to establish standing"). The allegations of informational injury pleaded in Plaintiffs' Complaint closely parallel those deemed sufficient in these cases.

**V. <u>Plaintiffs' Complaint Properly Alleges Claims Pursuant to NYLL § 191</u>**

Defendants also assert that Plaintiffs' claims pursuant to NYLL § 191 should be dismissed because New York has recently amended the proper measure of damages of these claims. *See* NYLL § 191. Defendants do not identify or explain, however, why a statutory change in the proper measure of damages for NYLL § 191 claims somehow leads to those claims being dismissed. Any motion to dismiss Plaintiffs' NYLL § 191 claims on the grounds that there has been a change to the damages available for those claims is futile.

As such, Plaintiffs respectfully submit that Defendants' proposed motion is futile and their request for a pre-motion conference should be denied. Should Defendants be permitted to file their partial motion to dismiss, in the interest of avoiding unfounded delay, discovery should not be held in abeyance while their motion is decided. Plaintiffs thank the Court for its time and attention.

Sincerely,

Innessa M. Huot